# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TREVOR C. BURTTON,

                      Plaintiff,

v.

KENOSHA COUNTY JAIL,
KENOSHA COUNTY SHERIFF, and
CHAPLAIN HASAN HAKEEM,

                      Defendants.

Case No. 19-CV-35-JPS

**ORDER**

       Plaintiff Trevor C. Burtton, who is incarcerated at the Kenosha County Jail (the "Jail"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee in his case. (Docket #6). The Court proceeds to screen the complaint.

       The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he is Jewish and desires to eat kosher meals. (Docket #1 at 3). These were apparently being provided to him during his stay at the Jail until November 27, 2018. *Id.* at 2. On that day, a correctional officer named Julie Meltzer ("Meltzer") observed Plaintiff trading his kosher food with other inmates. *Id.* Plaintiff does not expressly state that Meltzer was mistaken, but his allegations suggest that he might dispute her account. *Id.* at 2–3. In any event, Defendant Chaplain Hasan Hakeem ("Hakeem") was notified of Meltzer's observations and promptly disallowed Plaintiff from receiving kosher meals. *Id.* at 3. Plaintiff went on a brief hunger strike to protest Hakeem's punishment, but he soon relented and ate non-kosher meals against his religious beliefs. *Id.* Plaintiff seeks damages and an order that Hakeem no longer be allowed to remove someone from the religious meal program. *Id.* at 4. Plaintiff instead suggests

that rule-breakers should be given a punishment such as a warning or time in solitary confinement. *Id.*

Plaintiff's allegations invoke two related protections for religious beliefs. The first is the Free Exercise Clause of the First Amendment, which forbids prison officials from imposing a substantial burden on the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufamn v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). In determining whether prison officials' asserted justification for a burden is rationally related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate, the impact an accommodation of the asserted right would have on guards and other inmates, and whether there are "obvious alternatives" to the restriction. *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009).

The second protection is in the form of a statute, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). The RLUIPA offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). It applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4). The RLUIPA prohibits the imposition of a substantial burden on an inmate's religious exercise unless the burden furthers a "compelling" government interest and it is the "least restrictive" means of doing so. 42 U.S.C. § 2000cc-1(a). However, unlike the First Amendment, the RLUIPA only provides for prospective injunctive relief. *West v. Grams*, 607 F. App'x 561, 566 (7th Cir. 2015).

In light of the lenient standard of review applied at the screening stage, the Court finds that Plaintiff's allegations support claims under both

the First Amendment and the RLUIPA. Plaintiff plainly states that his religious exercise was burdened by Hakeem's action, and he seeks both monetary and injunctive relief. Hakeem may argue that the Jail has a compelling interest in having religious inmates abide by the rules of the meal programs, but that assertion cannot be considered at screening. The Court will dismiss the Jail and the Kenosha County Sheriff, as the Jail is not a suable entity, and the sheriff is not alleged to have done anything to Plaintiff.

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One**: Denial of kosher meals to Plaintiff, in violation of his rights under the Free Exercise Clause of the First Amendment, by Hakeem, wherein Plaintiff seeks monetary damages; and

**Claim Two**: Denial of kosher meals to Plaintiff, in violation of his rights under the Religious Land Use and Institutionalized Persons Act, by Hakeem, wherein Plaintiff seeks injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Kenosha County Jail and Kenosha County Sheriff be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendant Chaplain Hasan Hakeem pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for

making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendant Chaplain Hasan Hakeem shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge